UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

**KAREEM MATHIS,**

Petitioner,

v.

**UNITED STATES OF AMERICA,**

Respondent.

Civ. No. 2:20-cv-8951 (WJM)

OPINION

**WILLIAM J. MARTINI, U.S.D.J.**

Presently before the Court is *pro se* Petitioner Kareem Mathis's ("Petitioner") motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. Pet., ECF No. 1. The Court did not hold an evidentiary hearing.[1] For the reasons stated below, the Court will deny Petitioner's motion and will not issue a certificate of appealability.

I.     BACKGROUND

A. Petitioner's 18 U.S.C. § 922(g) Conviction

Petitioner is an inmate at the United States Penitentiary, Hazelton in Bruceton Mills, West Virginia. On February 15, 2017, the United States Attorney's Office for the District of New Jersey charged Petitioner in a one-count indictment for being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1), which carries a statutory maximum prison sentence of ten (10) years. On December 12, 2017, Petitioner pleaded guilty before this Court pursuant to a written plea agreement, and on March 20, 2018, this Court sentenced him to eighty-four (84) months of imprisonment to be followed by three (3) years of supervised release. The sentence is within the seventy-seven (77) to ninety-six (96) months range contemplated by the federal sentencing guidelines and the parties' plea agreement. Upon consideration of the 18 U.S.C. § 3553 sentencing factors, and particularly in light of Petitioner's extensive criminal history, the Court found no basis on which it could vary down from the sentencing range. Petitioner did not file an appeal.

---

[1] A district court must hold an evidentiary hearing on a § 2255 motion unless the "motion and the files and records of the case conclusively show" that the movant is not entitled to relief. 28 U.S.C. § 2255(b); *United States v. Booth*, 432 F.3d 542, 545-46 (3d Cir. 2005). Because it is clear from the record that Petitioner's claims are time-barred and procedurally defaulted, the Court did not Order a hearing on the motion.

### B. Petitioner's 28 U.S.C. § 2255 Motion

On July 21, 2020, Petitioner filed the present motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. Pet., ECF No. 1. He contends that his guilty plea is deficient and his sentence must be vacated in light of the United States Supreme Court's decision in *Rehaif v. United States*, --- U.S. ----, 139 S. Ct. 2191, 204 L. Ed. 2d 594 (2019). The Supreme Court's decision in *Rehaif* comes nearly one year after Petitioner's conviction.

In *Rehaif*, the Supreme Court ruled for the first time that a conviction under 18 U.S.C. § 922(g), which prohibits certain categories of persons from possessing a firearm, requires the Government to prove beyond a reasonable doubt a "knowledge of status" element. 139 S. Ct. at 2200. This means that "the Government must prove both that the defendant knew he possessed a firearm *and* that he knew he belonged to the relevant category of persons barred from possessing a firearm." *Id.* (emphasis added). For Petitioner, that category is the class of persons convicted of a crime punishable by imprisonment for a term exceeding one year—i.e., convicted felons. *See* 18 U.S.C. § 922(g)(1). Petitioner now seeks relief under *Rehaif* on the grounds that this Court erroneously accepted his guilty plea to the felon-in-possession charge without requiring the Government to prove he knew his status as a convicted felon and without informing Petitioner that the Government was required to do so to obtain a conviction. Pet., ECF No. 1.

### C. The Government's Response

In response, the Government contends that Petitioner is barred from raising his claims because they are procedurally defaulted and because he waived his right to file an appeal or any other collateral attack on his sentence under the terms of his plea agreement. Gov't Br. at 2-3, ECF No. 3. The Government further asserts that the procedural default is insurmountable, as Petitioner has not and cannot demonstrate any prejudice, such that but for the alleged *Rehaif* error, Petitioner would not have pleaded guilty but would have instead insisted on proceeding to trial. *Id.* at 3. Raising the undisputed fact that Petitioner has served terms of imprisonment exceeding one year for ten separate convictions before pleading guilty to the instant offense, the Government concludes that any argument by Petitioner that he would not have pleaded guilty is implausible. *Id.* at 3-4.

### D. Petitioner's Reply and Letter of Supplemental Authority

Petitioner counters that the prejudice stems from the defective indictment, which lacks the "knowledge of status" element required to charge him under § 922(g), and necessarily infects his guilty plea, which he entered without notice of all the elements to which he was pleading guilty. Pet'r Reply at 2-3, ECF No. 5.

2

In a supplemental letter to the Court, Petitioner cites *United States v. Nasir*, 982 F.3d 144 (3d Cir. 2020), in further support of his motion. Pet'r Letter, ECF No. 6. *Nasir*, however, is procedurally distinguishable from the instant matter and does not change the outcome of the Court's analysis.[2]

## II. ANALYSIS

### A. Timeliness of Petitioner's 28 U.S.C § 2255 Motion

"Motions pursuant to 28 U.S.C. § 2255 are the presumptive means by which federal prisoners can challenge their convictions or sentences that are allegedly in violation of the Constitution." *Okereke v. United States*, 307 F.3d 117, 120 (3d Cir. 2002). Such motions are subject to a one-year time limitation that generally begins to run on the date when the judgment of conviction becomes final. 28 U.S.C. § 2255(f)(1). Under this provision, Petitioner's motion is untimely, as the Court received it on June 17, 2020, two years after his conviction became final in 2018.[3]

Petitioner asserts, and the Government does not contest, that his motion is timely under a separate provision, which would provide for the one-year time limitation to begin running from June 21, 2019, the date the Supreme Court issued its decision in *Rehaif*, if the Supreme Court recognized a "new right" and made it retroactively applicable to cases on collateral review. Pet'r Reply at 1, ECF No.5; 25 U.S.C. § 2255(f)(3). Under this provision, Petitioner submitted his motion within one year of *Rehaif*.

The question that follows, and the one that ultimately determines whether Petitioner's motion is timely, is whether *Rehaif* announced a new right made retroactive to cases on collateral review such as this one. The Supreme Court has not yet addressed this issue. To the extent the Courts of Appeals have, they have done so within the context of second or successive § 2255 motions premised on *Rehaif*. Indeed, the Third Circuit, along

---

[2] *Nasir* arrived to the Third Circuit by way of the defendant's direct appeal of his § 922(g) conviction and sentence following a jury trial. 982 F.3d at 151. At trial, the Government presented "literally no evidence . . . concerning Nasir's knowledge of his status as a felon[.]" *Id.* at 171. In the midst of the parties' appellate briefing, the Supreme Court decided *Rehaif*. *Id.* at 160. The Third Circuit subsequently vacated Nasir's conviction as a felon in possession of a firearm and remanded the matter for a new trial and resentencing, holding that the Government's failure to prove the defendant knew he was a felon was plain error. *Id.* at 160-62; *cf. United States v. McMillan*, --- Fed. App'x. ----, 2021 WL 942916, at *2 (3d Cir. Mar. 12, 2021) (affirming defendant's § 922(g) conviction despite "clear *Rehaif* error when [defendant] was convicted without a charge in the indictment or instruction to the jury that he knew of his status as a felon," because "that error did not impact his substantial rights. At trial, the jury heard evidence that [defendant] had twice pleaded guilty to felony drug offenses in Pennsylvania state court.").

[3] The Court received Petitioner's motion in the mail on June 17, 2020, though it was not electronically filed until July 21, 2020. *See* Pet. at 3, ECF No. 1.

with several of its sister Circuits, have all held that *Rehaif* neither announced a new constitutional rule of law nor was made retroactive to cases on collateral review to allow for second or successive petitions under § 2255(h)(2). *See In re Sampson*, 954 F.3d 159, 161 (3d Cir. 2020); *Tate v. United States*, 982 F.3d 1226, 1228 (9th Cir. 2020); *Mata v. United States*, 969 F.3d 91, 93 (2d Cir. 2020); *Khamisi-El v. United States*, 800 F. App'x 344, 349 (6th Cir. 2020); *In re Palacios*, 931 F.3d 1314, 1315 (11th Cir. 2019).

Plaintiff's motion, however, is an initial § 2255 motion subject to a less stringent provision that does not require the "newly recognized right" to be a constitutional one. *See Boatwright v. Warden Fairton FCI*, 742 F. App'x 701, 703 (3d Cir. 2018) ("Unlike new rules permitting successive § 2255 motions, new "rights" triggering § 2255(f)(3) need not be constitutional."). In this regard, the Third Circuit has not yet addressed whether *Rehaif* announced a new non-constitutional rule made retroactive to initial § 2255 motions. Where the issue has played out in the district courts, several of those courts have undertaken a retroactivity analysis in line with *Teague v. Lane*, 489 U.S. 288 (1989), and its progeny, but with mixed results.

Under *Teague*, a new rule imposed by the Supreme Court is generally not to be applied retroactively to criminal cases on collateral review. 489 U.S. at 310 (holding "new . . . rules of criminal procedure will not be applicable to those cases which have become final before the new rules are announced"). The two exceptions to this prohibition are: (1) new rules that are substantive; or (2) new "watershed rule[s] of criminal procedure." *Whorton v. Bockting*, 549 U.S. 406, 416 (2007) (citation omitted). "A rule is substantive . . . if it alters the range of conduct or the class of persons that the law punishes." *Schriro v. Summerlin*, 542 U.S. 348, 353 (2004). "In contrast, rules that regulate only the manner of determining the defendant's culpability are procedural." *Id.* And a rule is a "watershed rule of criminal procedure" if it "implicat[es] the fundamental fairness and accuracy of the criminal proceeding." *Id.* at 352 (citation and quotation marks omitted). The Supreme Court has explained that this latter class of rules "is extremely narrow." *Id.* A new rule of procedure that "merely raise[s] the possibility that someone convicted with use of the invalidated procedure might have been acquitted otherwise" is not enough to constitute a "watershed" procedural rule and generally does not apply retroactively to cases on collateral review. *Id.*

Applying this framework to *Rehaif*, several district courts have found that the Supreme Court's statutory interpretation and clarification of what the Government must prove in order to convict a defendant under § 922(g) is a procedural rule—not a substantive rule, but also not a "watershed" procedural rule triggering retroactivity. *See United States v. Battle*, No. 16-017, 2020 WL 4925678, at *4-5 (W.D. Pa. Aug. 21, 2020) (collecting cases from other District Courts that apply *Teague*, along with cases that do not expressly apply *Teague* but nonetheless find *Rehaif* to be non-retroactive on collateral review), *appeal docketed*, No. 20-2726 (3d Cir. Aug. 25, 2020). Still, a few other courts have found the opposite, that *Rehaif* articulated a substantive rule that narrows the scope of persons

who may be prosecuted and convicted under § 922(g) and is retroactive on collateral review. *See United States v. Roberts*, No. 15-387, 2020 WL 6700918, at *2, n.3 (E.D. Pa. Nov. 13, 2020); *Nunez v. United States*, No. 14-130, 2021 WL 621194, at *3 (D. Me. Feb. 17, 2021). The Court is persuaded more by the line of authority finding *Rehaif* is not retroactive to cases on collateral review, that it is neither a substantive rule nor a "watershed" rule, but a procedural rule clarifying the Government's burden to obtain a conviction under § 922(g). Thus, although Petitioner filed his § 2255 motion within one year of the Supreme Court's decision in *Rehaif*, the motion nonetheless appears to be time-barred by §2255(f)'s one-year statute of limitations.

### B. Petitioner's Claim is Procedurally Defaulted

Even if Petitioner's motion were not time-barred, denial of his motion is warranted because he procedurally defaulted on his claim by not raising it on direct appeal before the judgment of conviction became final. *See United States v. Jenkins*, 333 F.3d 151, 154-55 (3d Cir. 2003). To overcome this default and be granted the relief he seeks, Petitioner must demonstrate: (1) cause for the default and actual prejudice, or (2) actual innocence. *Bousley v. United States*, 523 U.S. 614, 622 (1998); *Jenkins*, 333 F.3d at 155.

Here, "[e]ven if this Court assumes, *arguendo*, that the binding Circuit precedent in effect at the time of Petitioner's conviction is sufficient cause to excuse his failure to raise a *Rehaif*-like claim on direct appeal," Petitioner cannot show that he was actually prejudiced by the alleged *Rehaif* error. *Farlow v. United States*, No. 20-10679 (SRC), 2021 WL 838351, at *2-3 (D.N.J. Mar. 5, 2021). That is, Petitioner cannot show "that there is a reasonable probability that, but for [the] errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985); *see United States v. Sanabria-Robreno*, 819 F. App'x 80, 83 (3d Cir. 2020), *petition for cert. filed*, (U.S. Dec. 11, 2020) (No. 20-6610).

Petitioner argues only that he was prejudiced because he entered a guilty plea without the Government having charged that he knew of his status as a felon. He does not argue that had the Government charged him with this element, it would have altered his decision to plead guilty. The Court agrees with the Government that any argument by Petitioner that he would *not* have pleaded guilty and would have instead insisted on proceeding to trial is implausible based on the record. It is highly likely the Government could have proved beyond a reasonable doubt that Petitioner knew at the time he possessed the firearm that he was a convicted felon—i.e., that he had previously been convicted of a crime punishable by more than one year of imprisonment—because Petitioner had served terms of imprisonment exceeding one year for ten separate convictions before pleading guilty to the instant offense. *See Sanabria-Robreno*, 819 F. App'x at 83 ("[The] indisputable evidence demonstrates that the Government could easily prove [defendant] knew at the time that he possessed the firearm that he had previously been convicted of a crime punishable by more than one year of imprisonment. As a result, there is no

reasonable probability that the District Court's recitation of *Rehaif*'s knowledge element would have changed [his] decision to plead guilty . . . ."); *Farlow*, 2021 WL 838351, at *3 ("Because Petitioner certainly knew that he had been convicted of a crime punishable by more than a year as he had served multi-year prison sentences, and as it is in any event clear that the Government could have adequately proven on that basis that Petitioner met the knowledge requirement, there is no reasonable probability that Petitioner would not have pled guilty had he been aware of the *Rehaif* knowledge requirement.").

Additionally, by pleading guilty, Petitioner received the considerable benefit of the Government's agreement not to pursue a four-point enhancement for possessing the firearm while committing another felony. *See* Gov't Br. at 3, ECF No. 3; Tr. of Sentence Hr'g at 7:3-7:8, ECF No. 21, Crim No. 17-cr-48; *see also Sanabria-Robreno*, 819 F. App'x at 83-84. It is, therefore, unlikely that Petitioner "would have persisted in [a] plea of not guilty had [this] Court apprised him of *Rehaif*'s requirements." *Sanabria-Robreno*, 819 F. App'x at 83. As Petitioner has not and cannot demonstrate actual prejudice, he cannot overcome procedural default of his claim and the Court must deny his motion.

### III. CONCLUSION

For the reasons stated above, Petitioner's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255, ECF No. 1, is **DENIED**, and no certificate of appealability shall issue because Petitioner has not "made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

An appropriate Order accompanies this Opinion.

        /s/ William J. Martini
**WILLIAM J. MARTINI, U.S.D.J.**

**Date: May 5, 2021**